# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * *  *
                                  *
LINDA PENKUL,                     *
                                  *
            Plaintiff,            *
                                  *   No. 19-754C
      v.                          *   Filed: May 23, 2019
                                  *
UNITED STATES,                    *
                                  *
            Defendant.            *
                                  *
* * * * * * * * * * * * * * * *  *
```

### ORDER

The court is in receipt of pro se plaintiff's complaint in the above-captioned case. Plaintiff submitted the complaint to the court without paying the $400.00 filing fee or submitting an application to proceed in forma pauperis. As a result of this failure, the above-captioned case is **DISMISSED**, without prejudice.

In a letter signed by plaintiff, which was attached to plaintiff's complaint, plaintiff asserts that "I am submitting for review a Social Security Overpayment case." (capitalization in original). The Social Security Act indicates that any challenges relating to social security benefits "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g) (2018). The Social Security Act further provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h) (2018). Therefore, the Social Security Act makes clear that any claim for social security benefits must be filed in federal district court. See Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[A]s a claim for social security disability benefits, we hold that the Claims Court has no jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1988), over claims to social security benefits."); see also Treece v. United States, 96 Fed. Cl. 226, 230 (2010); Addams-More v. United States, 81 Fed. Cl. 312, 314 (2008).

Moreover, in the complaint, plaintiff asserts that the "Maine federal court gave me the wrong appeal's court address" and requests that this court "reverse state of Maine's ruling." To the extent that plaintiff is challenging a decision by another court, this court lacks jurisdiction to review the merits of a decision of another court. See Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."); see also Rohland v. United States, 136 Fed. Cl.

7018 0040 0001 1393 3376

55, 66 (2018) ("[T]he Tucker Act does not provide the Court of Federal Claims with jurisdiction to entertain collateral attacks on decisions of state courts or federal district courts." (citations omitted)). The court, therefore, lacks jurisdiction over the allegations in plaintiff's complaint.

**IT IS SO ORDERED.**

_____
**MARIAN BLANK HORN**
**Judge**